**In re ANC RENTAL CORPORATION, et al., Debtors.**

**ANC Rental Corporation, et al., Plaintiffs,**

**v.**

**County of Harris, City of Houston, Houston Independent School District, Katy Independent School District, Aldine Independent School District, and Harris County Appraisal District, Defendants.**

**Bankruptcy No. 01–11200(MFW).**
**Adversary No. 03–53895.**

United States Bankruptcy Court, D. Delaware.

Oct. 18, 2004.

Bonnie Glantz Fatell, Elio Battista, Jr., Elizabeth A. Wilburn, Jason W. Staib, Mark J. Packel, William J. Burnett, Blank Romes, LLP, Wilmington, DE, Eric J. Bronstein, Elliott, Reihner, Siedzikowski & Egan, Blue Bell, PA, Frank S. Potts, Columbia, SC, James E. Huggett, Flaster Greenberg, Wilmington, DE, Joseph Gray, Joseph H. Huston, Jr., Thomas G. Whalen, Jr., Stevens & Lee, Wilmington, DE, Sheldon K. Rennie, Fox, Rothschild, O'Brien & Frankel, LL, Wilmington, DE, for Debtors.

Sudden Impact Auto Body, Inc., Irvington, NJ, Pro se.

Don A. Beskrone, Julie L. Compton, Margaret Louise Harrison, Office of U.S. Trustee, Wilmington, DE, U.S. Trustee.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Objection to Summons and Motion to Dismiss and to Transfer Venue filed by Harris County Appraisal District ("HCAD") seeking to quash the summons, dismiss the Debtors' Complaint for Determination of Tax Liability Pursuant to Section 505 or transfer venue. Also before the Court is the Joint Response by the City of Houston, Houston Independent School District, and Katy Independent School District (collectively "the Tax Authorities") objecting to the dismissal of HCAD as a party, but requesting a change of venue. The Debtors oppose both Motions. For the reasons set forth below, we will grant the Motion to Dismiss.

## I. *FACTUAL BACKGROUND*

On November 13, 2001, ANC Rental Corporation and several of its affiliates (collectively "the Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code.

On June 11, 2003, the Debtors filed a complaint against HCAD and the Tax Authorities seeking a determination of tax liability pursuant to section 505 of the Bankruptcy Code. Specifically, the Debtors ask this Court to correct and reduce the taxes assessed against them for the tax year 2001, because they were based on erroneously high valuations of the Debtors' personal property done by HCAD.

On March 3, 2004, HCAD filed its Objection to Summons and Motion to Dismiss and to Transfer Venue. On May 6, 2004, the Debtors responded to the Objection and Motion. On May 21, 2004, the Tax Authorities responded to HCAD's Motion, objecting to HCAD's request to be dismissed as a party but otherwise joining the Motion to Transfer. On June 1, 2004, the Debtors filed a Supplemental Response to HCAD's Motion to Dismiss and a Re-

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

sponse to the Joint Motion of the Tax Authorities. Notices of completion of briefing have been filed and the matters are ripe for decision.

## II. DISCUSSION

HCAD argues that the Debtors' Complaint was not timely served upon the Defendants. The Debtors' Complaint was filed on June 11, 2003. No summons was obtained by the Debtors, however, until January 13, 2004, and the Defendants were not served until February 5, 2004. Thus, HCAD argues, the Debtors failed to serve the Defendants timely, and therefore the Complaint should be dismissed. The Tax Authorities do not oppose dismissal on this ground.

The Debtors argue that service was delayed because of discussions among the Debtors and their counsel regarding timing and scheduling matters. Specifically, the Debtors thought it best to delay service until the estate could devote sufficient resources to the prosecution of this suit.[2] They admit that a summons was not issued until seven months after the Complaint was filed, but oppose dismissal on this ground arguing that the Defendants have not been prejudiced by the delay in service. The Debtors argue that the Defendants should have petitioned the Court for relief, such as by requesting additional time to respond, rather than requesting dismissal.

■■■ Rule 7004 of the Federal Rules of Bankruptcy Procedure incorporates Rule 4(m) of the Federal Rules of Civil Procedure in adversary proceedings. Rule 4(m) states that if service of the summons and complaint is not made within 120 days after the filing of the complaint, the court shall dismiss the action without prejudice

unless the plaintiff can show good cause. Fed. R. Civ. Pro. 4(m). The plaintiff bears the burden of proof in showing good cause. *Moore's Federal Practice* ¶ 4.82. A determination of good cause is discretionary. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir.1995). Examples of good cause usually involve some aspect of bad faith by the defendant, such as evading service, or good faith by the plaintiff, such as excusable neglect. *Moore's Federal Practice*, ¶ 4.81.

■■ On the facts presented, we can find no bad faith exhibited by the Defendants in this case. Furthermore, the only cause given by the Debtors for their failure to serve the Defendants within the proscribed time period is that the Debtors consciously chose to delay service to address other matters. In addition, the Debtors state that they delayed service due to discussions among their local, tax and general counsel as to proper timing. Delay due to discussions among counsel is not good cause. Attorneys are charged by the professional rules of conduct with diligent pursuit of their client's interests. Delay caused by coordination among counsel is not diligence; in fact it is the opposite. We find the Debtors have not shown good cause for delay and therefore grant the Motion to Dismiss.

## II. CONCLUSION

For the reasons set forth above, the Motion to Dismiss for failure to timely serve the Complaint will be granted.

An appropriate order is attached.

### ORDER

AND NOW this 18th day of October, 2004, upon consideration of the Motion to Dismiss and to Transfer Venue of HCAD

---

**2.** The Debtors actually state that they thought it best to delay until the "state" could devote sufficient resources to the litigation. This is obviously a typographical error.

and the Responses by the Debtors and the Tax Authorities thereto and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion to Dismiss is **GRANTED**.